UNITED STATESDISTRICT COURT
FOR THE NORTHERNDISTRICT OF ILLINOIS
EASTERNDIVISION

| | |
|---|---|
| JAMES EVANS, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>Uncharted Supply Company, Inc.,<br><br>      Defendant. | Civil Action No. 1:25-cv-11631<br><br><br>Hon. LaShonda A. Hunt |

## <u>PLAINTIFF'S MEMORANDUMOFLAW IN SUPPORT OF HIS MOTION FOR ATTORNEYS'FEES AND COSTS</u>

**EQUAL ACCESS LAW GROUP, PLLC**

*/s/ Alison Chan*_____
Alison Chan, Esq.
4903 Avenue N
Brooklyn, NY 11234
Phone: (929) 442-2154
Email: Achan@Ealg.law
*Attorneys for Plaintiff*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………….......……………… 1

I.      INTRODUCTION ……………………………..……………..……………………....…. 3

II.     STANDARD OF REVIEW ……………………..……..……………………………....… 5

III.    ARGUMENT …………………………………………....……………………….....…. 8

    a. ATTORNEY'S FEES …………………………………………..……..…………8

      i. Plaintiff's Request is Reasonable ……………………….…....………….. 10

    b. OTHER COSTS …………………………………………………….………..…… 13

IV.     CONCLUSION ……………………………...……………………………..……..…… 15

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

<u>**Adkins v. Briggs & Stratton Corp.**</u>, 159 F.3d 306 (7th Cir. 1998) ....................................**5, 6**

<u>**Ariza v. Limonada Group, LLC**</u>, No. 23-CV-20542-RAR, 2023 WL 2799127 (S.D. Fla. Apl. 5, 2023) ............................................................................................ **7**

**Baier v. Rohr-Mont Motors, Inc.**, 175 F. Supp. 3d 1000 (N.D. Ill. 2016) ........................ **11**

**Barber v. Ruth**, 7 F.3d 636 (7th Cir. 1993) .............................................................. **5**

**Blum v. Stenson**, 465 U.S. 886(1984) ..................................................................... **9**

**Bruce v. City of Gainesville**, 177 F.3d 949 (11th Cir. 1999) .................................... **7**

**Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.**, 532 U.S. 598 (2001) ...............................................................................................**5**

**Christiansburg Garment Co. v. EEOC**, 434 U.S. 412 (1978) ...........................................**7,8**

**Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.**, 854 F.2d 219 (7th Cir. 1988) ....................................................................................................**6**

**Crawford Fitting Co. v. J.T. Gibbons, Inc.**, 482 U.S. 437 (1987) ........................................**7**

**Denius v. Dunlap**, 330 F.3d 919 (7th Cir. 2003) ..........................................................**9**

**Divane v. Krull Elec. Co.**, 319 F.3d 307 (7th Cir. 2003) ..........................................................**5**

**Gusman v. Unisys Corp.**, 986 F.2d 1146 (7th Cir. 1993) ..................................................**9**

**Hansen v. Deercreek Plaza, LLC**, 420 F. Supp. 2d 1346 (S.D. Fla. 2006) ......................**7**

**Hensley v. Eckerhart**, 461 U.S. 424 (1983) ................................................................**5, 6, 8, 10**

**Hudson v. Nabisco Brands**, 758 F.2d 1237 (7th Cir. 1985) .......................................**6**

**Johnson v. GDF, Inc.**, 668 F.3d 927 (7th Cir. 2012) ...................................................**9**

**Johnson v. Georgia Highway Express, Inc.**, 488 F.2d 714 (5th Cir. 1974) .........................**9**

**Lovell v. Chandler,** 303 F.3d 1039 (9th Cir. 2002) ..............................................**7**

**Marek v. Chesny**, 473 U.S. 1 (1985) .......................................................................**13**

**McCabe v. Heid Music Co., Inc.**, No. 23-CV-1215-JPS-JPS, 2024 U.S. Dist. LEXIS 97850 (E.D. Wis. June 3, 2024) ....................................................................................**6, 10**

**McCabe v. Markwins Beauty Products**, No. 24-cv-1004-bhl, 2026 U.S. Dist. LEXIS 72496 (E.D. Wis. Apr. 2, 2026) ....................................................................................**10**

**McCabe v. Tire Web, LLC**, No. 23-cv-459-pp, 2024 U.S. Dist. LEXIS 23278 (E.D. Wis. Dec. 26, 2024) .....................................................................................**10**

**Missouri v. Jenkins**, 491 U.S. 274 (1989) ..............................................................**9**

**Montanez v. Simon**, 755 F.3d 547 (7th Cir. 2014) ..................................................**9**

**Morjal v. City of Chicago**, 774 F.3d 419 (7th Cir. 2014) ......................................**13**

**People Who Care v. Rockford Bd. of Educ.**, 90 F.3d 1307 (7th Cir. 1996) ...................**9, 11**

**Pettit v. Aero Med. Products Co. Inc.**, 14-CV-1134, 2015 WL 12965219 (E.D. Wis. Sept. 21, 2015) ................................................................................................**11**

**Pickett v. Sheridan Health Care Ctr.**, 664 F.3d 632 (7th Cir. 2011) ....................................**8**

**Pressley v. Haeger**, 977 F.2d 295 (7th Cir. 1992) ..................................................**9**

**SK Hand Tool Corp. v. Dresser Indus., Inc.**, 852 F.2d 936 (7th Cir. 1988) ....................**5**

**Stringham v. Eym Diner of Florida**, LLC, No. 6:13–cv–1204–Orl–22KRS, 2014 WL 4954686 (M.D. Fla. Oct. 2, 2014) ...................................................................**7**

**Walden v. EYM Grp. Inc.**, No. 2:21-cv-01116-PP, ECF No. 31 (E.D. Wis. Jan. 9, 2023) ...............................................................................................…**10**

**Webb v. James**, 147 F.3d 617 (7th Cir. 1998) ..................................................**7, 13**

**Webb v. James**, 967 F. Supp. 320 (N.D. Ill. 1997) ..................................................**7**

**Weeks v. Samsung Heavy Industries Co.**, 126 F.3d 926 (7th Cir. 1997) .........................**5, 6**

**World Outreach Conf. Ctr. v. City of Chicago**, 896 F.3d 779 (7th Cir. 2018) ...................**8**

**Wright v. Thread Experiment, LLC**, No. 119CV01423SEBTAB, 2022 WL 445530 (S.D. Ind. Feb. 14, 2022) ........................................................................................**6**

**STATUTES**

**42 U.S.C. §§ 12181–12189 (Title III of the Americans with Disabilities Act)** ...................**3**

**28 U.S.C. § 1821** .............................................................................................. **7**

**28 U.S.C. § 1920** ..................................................................................... **7, 13, 14**

**42 U.S.C § 12205** ................................................................................ **5, 6, 7, 13, 14**

**RULES**

**Fed. R. Civ. P. 54** .................................................................................**5, 13, 14**

**Fed. R. Civ. P. 55** .........................................................................................**34**

**American Bar Association Code of Professional Responsibility, DR 2-106** ...................**10**

**American Bar Association Model Rules of Professional Conduct 1.5(a)** .........................**10**

## I.    INTRODUCTION

On March 24, 2026, the Court granted Plaintiff's Motion for Default Judgment as to Defendant Uncharted Supply Company. (ECF. No. 30). On March 25, 2026, the Court entered a Default Judgement Order, allowing Plaintiff, as the prevailing party, to petition for attorneys' fees and costs. (ECF No. 31). Thus, Plaintiff, JAMES EVANS, ("Evans" or "Plaintiff") a visually impaired and legally blind individual, by and through his counsel, Alison Chan, Esq. of Equal Access Law Group PLLC, submits the following Plaintiff's Memorandum of Law in Support of his Motion for Attorneys' Fees and Costs ("Motion") against Defendant, Uncharted Supply Company, Inc. ('Defendant").

Plaintiff filed a Complaint against Defendant on September 25, 2025, asserting claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89 (2026). (ECF No. 1). Plaintiff is, and at all times relevant hereto has been, legally blind and relies on screen-reading software to access websites. *Id.* at ¶¶ 2, 19. The Complaint alleges that Defendant owns and operates a website (https://www.unchartedsupply.com) that contains multiple barriers that deny blind and visually impaired individuals full and equal access to its goods and services. *Id.* at ¶¶ 4–11, 32–39. Plaintiff attempted to access and purchase products from Defendant's Website but encountered accessibility barriers preventing independent use. *Id.* at ¶¶ 32–42. Title III of the ADA requires public accommodations to provide equal access to goods and services for individuals with disabilities. 42 U.S.C. § 12182(a). Discrimination includes failing to make reasonable modifications to ensure accessibility. 42 U.S.C. § 12182(b)(2)(A)(ii). Accordingly, legally blind customers such as Plaintiff are deprived from accessing information about Defendant's products and using its online services, all of which are readily available to sighted customers. *Id.* at ¶ 7.

Defendant was properly served with the Complaint on November 6, 2025. (ECF No. 7). Defendant's original answer deadline was November 27, 2025. *Id.* Despite proper service of process (*Id.*), Defendant failed to appear in this case or answer the Complaint. On December 9, 2025, Plaintiff requested a courtesy 30-day extension in the joint status report for Defendant to appear and file its responsive pleading. Plaintiff further advised that, if Defendant failed to appear or respond within the requested extension period, Plaintiff would move for default judgment. (ECF No. 9). Plaintiff also explained that it had made multiple attempts to notify Defendant of this action and to encourage voluntary remediation of its website to ensure ADA accessibility. These efforts included outreach to the email address listed on Defendant's website, as well as an additional service attempt by Certified Mail on December 4, 2025. To date, Defendant has not appeared or otherwise responded. *Id.*

On January 9, 2026, Plaintiff timely moved for a request for Clerk's Certificate of Default. (ECF No. 9). However, the Court required a notice for presentment per the Court's case management procedures. (ECF No. 13). Plaintiff promptly re-filed its request for Clerk's Certificate of Default, with a notice of presentment. (ECF Nos. 14–15). On January 16, 2026, Plaintiff's motion for default judgment was granted, and pursuant to Federal Rules of Procedure 55(a), default was entered against Defendant. (ECF No. 17). Defendant was served with the Court's Minute Entry (ECF No. 17) on January 23, 2026. Plaintiff filed its motion for default judgement and notice for presentment on March 4, 2026, (ECF. Nos. 25–27), and with the required certificate of service on Defendant on March 5, 2026. Plaintiff's motion for default judgment was taken under advisement, and any objections to the motion for default judgment were due by March 19, 2026. (ECF No. 28). The Court further set a prove-up hearing on March 24, 2026. *Id.* No objections to Plaintiff's Motion for Default Judgment were submitted to the Court, and on March 24, 2026, Defendant failed to

appear, and the Court granted Plaintiff's Motion for Default Judgment, and further ordering any motion for attorneys' fees and costs due by April 14, 2026. (ECF No. 30). On April 14, 2026, Plaintiff requested an extension of time to file its motion for attorneys' fees and costs. (ECF. No. 34). The Court granted Plaintiff's request for an extension of time to May 5, 2026. (ECF No. 36).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Procedure 54, courts are authorized to award costs to prevailing parties. ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party."). The district courts have "broad discretion" in setting an award of attorney's fees to the prevailing party. *Pettit v. Aero Med. Products Co. Inc.*, 14-CV-1134, 2015 WL 12965219, at *1 (E.D. Wis. Sept. 21, 2015) (citing *Divane v. Krull Elec. Co.,* 319 F.3d 307, 314 (7th Cir. 2003)); *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993); *SK Hand Tool Corp. v. Dresser Indus.*, Inc., 852 F.2d 936, 943 (7th Cir. 1988); *Weeks v. Samsung Heavy Industries Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Further, pursuant to the Americans with Disabilities Act ("ADA"), attorneys' fees, expert fees, litigation expenses and costs are all recoverable. "The ADA gives the district court discretion to award attorneys' fees to a 'prevailing party.'" *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998) (quoting 42 U.S.C. § 12205[1]).

A "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*,

---

[1]    Specifically, 42 U.S.C. § 12205 states in pertinent part: "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." *See also, Mlsna v. Union P. R.R. Co.,* No. 18-CV-37-WMC, 2023 WL 4488912, at *3 (W.D. Wis. July 12, 2023), *appeal dismissed*, No. 23-2460, 2023 WL 9374875 (7th Cir. Oct. 30, 2023).

532 U.S. 598, 2-3 (2001); *Adkins,* 159 F.3d 306, at 307 (finding "The ADA gives the district court discretion to award attorneys' fees to a prevailing party."). The Court considers parties who win default judgment to be prevailing. *See McCabe v. Heid Music Co., Inc.*, No. 23-CV-1215-JPS-JPS, 2024 U.S. Dist. LEXIS 97850, 2-3 (E.D. Wis. June 3, 2024); *see also Wright v. Thread Experiment, LLC*, No. 119CV01423SEBTAB, 2022 WL 445530, at *2-3 (S.D. Ind. Feb. 14, 2022).

The Seventh Circuit has emphasized that "the presumption in favor of awarding costs to the prevailing party is difficult to overcome…"; accordingly, costs should be denied only where the court identifies a sound reason for departing from the presumption in favor of an award. *Weeks,* 126 F.3d 926, at 945; *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Generally, courts deny costs only in limited circumstances, such as where the prevailing party engaged in misconduct sufficient to warrant a penalty, or where the losing party demonstrates an inability to pay. *Id.; see also Hudson v. Nabisco Brands*, 758 F.2d 1237, 1242 (7th Cir. 1985) (stating that to overcome presumption, the losing party must show some fault, misconduct, default or action worthy of penalty by the prevailing side).

Here, Plaintiff is the "prevailing plaintiff" for purposes of attorneys' fees and costs under 42 U.S.C. § 12205 because the Court entered an Order Granting Plaintiff's Motion for Default Judgement that granted permanent injunctive relief and reasonable attorneys' fees and costs. (ECF No. 31). Congress enacted fee-shifting provisions in such civil rights statutes "to ensure effective access to the judicial process for persons with civil rights grievances."*Hensley*, 461 U.S. 424, at 429. Consequently, in civil rights suits brought under the ADA, suchasthis,attorneys' fees should be awarded to a prevailing plaintiff as a matter of course, as thereisnoevidence of Plaintiff engaging in misconduct or Defendant demonstrating an inability to payunderthe standards discussed *Weeks, Congregation of the Passion, Holy Cross Province, and Hudson.*

Further, although expert witness fees are ordinarily not taxable as costs absent explicit statutory authorization, the ADA provides such authorization through 42 U.S.C. § 12205, which permits a prevailing party to recover "a reasonable attorney's fee, including litigation expenses, and costs." *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, witness-fee recovery is limited by 28 U.S.C. §§ 1821 and 1920); *Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998) (recognizing the ADA's fee provision under § 12205); *Webb v. James*, 967 F. Supp. 320, 322 (N.D. Ill. 1997) (same). Courts interpreting § 12205 have held that the ADA's reference to "litigation expenses" encompasses expert witness fees. *Lovell v. Chandler*, 303 F.3d 1039, 1058–59 (9th Cir. 2002) ("because the term 'litigation expenses' normally encompasses expert witness fees," § 12205 "provides direct authority for the award of expert witness fees"); *Stringham v. Eym Diner of Florida*, LLC, No. 6:13–cv–1204–Orl–22KRS, 2014 WL 4954686 at *4 (M.D. Fla. Oct. 2, 2014) ("[T]he ADA permits the Court to award reasonable litigation expenses, including expert fees."); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) ("A prevailing ADA plaintiff may recover expert fees as a litigation expense.") (internal citation omitted); *Ariza v. Limonada Group, LLC*, No. 23-CV-20542-RAR, 2023 WL 2799127, at *4 (S.D. Fla. Apl. 5, 2023) (same). Therefore, all expert fees and, if any witness fees, incurred in this matter should be recoverable as part of Plaintiff's, the prevailing party, litigation expenses.

While the award of attorneys' fees and costs are within the discretion of court, the standards established for determining when a court should exercise that discretion to award fees to a prevailing party are those set forth by the U.S. Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 414-421 (1978). *Bruce v. City of Gainesville*, 177 F.3d 949, 951–952 (11th Cir.

1999) (applying Christiansburg standard for prevailing plaintiffs in ADA suits). Under *Christians-burg*, a prevailing plaintiff "should ordinarily be awarded attorney's fees in all but special circumstances." *Id.* at 416. There are no "special circumstances" present here under which this Court should not award Plaintiff his fees and costs in light of the Default Final Judgment that was entered and his entitlement to the full requested injunctive relief for his ADA claim against the Defendant. Plaintiff thus should be awarded his reasonable attorney's fees, costs and litigation expenses as the prevailing party under his ADA claim.

III. **ARGUMENT**

**a. ATTORNEY'S FEES**

The Supreme Court in *Hensley* recognized that civil rights cases should award reasonably attorneys' fees pursuant to the "lodestar method", which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "[p]rovides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* at 433; *Houston v. C.G. Sec. Servs, Inc.,* 820 F.3d 855, 859 (7th Cir. 2016). Once the Court calculates this amount — the "lodestar" — it must consider whether any adjustments are warranted based on the results obtained by counsel. *Hensley,* 461 U.S. 424, at 1302.

The lodestar calculation serves as the widely accepted method and generally results in a fee award presumed to be reasonable. *World Outreach Conf. Ctr. v. City of Chicago*, 896 F.3d 779, 783 (7th Cir. 2018). The Court uses the "lodestar" method, multiplying the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (alteration in original) (quoting *Hensley,* 461 U.S. 424, at 433). When assessing the appropriate hourly rate, courts look to the prevailing market rate

for comparable legal services, consistent with the Supreme Court's instruction that civil-rights fee awards should reflect market-based compensation. *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989); *Denius v. Dunlap,* 330 F.3d 919, 930 (7th Cir. 2003); *see also Pressley v. Haeger,* 977 F.2d 295, 299 (7th Cir. 1992).

The Seventh Circuit has recognized that counsel's actual rate for similar work is strong evidence of the applicable market rate. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993); *Pickett,* 664 F.3d 632, at 640 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012). After counsel submits evidence supporting that rate, the opposing party must come forward with evidence justifying a lower rate. *Gusman*, 986 F.2d at 1151; *Pickett*, 664 F.3d 632, at 640; *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996). Where the defendant fails to make that showing, the court may treat the submitted rate as reasonable and award fees accordingly. *Gusman*, 986 F.2d at 1151; *People Who Care.*, 90 F.3d 1307, at 1313. A reasonable hourly rate is based on the local market rate for counsel's services, and the best evidence is the rate counsel actually bills for similar work; where that rate is not readily ascertainable, courts may rely on rates charged by similarly experienced attorneys in the community and rates awarded in similar cases. *Montanez v. Simon*, 755 F.3d 547, 553–554 (7th Cir. 2014); *Picket*, 664 F.3d 632, at 640–641. Her, counsel's requested rate reflects her actual billing rate for similar work and is therefore strong evidence of the prevailing market rate.

In determining a reasonable attorneys' fee award, courts used to consider the twelve factors[2] identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.

---

[2]The twelve factors were as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by counsel due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

1974), and cited in *Hensley,* 461 U.S. 424, at 429–433; however, these factors originated in the American Bar Association ("ABA") Code of Professional Responsibility, DR 2-106, and are now reflected in ABA Model Rules of Professional Conduct 1.5(a), which states, "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent."

Courts in the Seventh District have approved substantial hourly rates for comparable civil-rights and Title III ADA litigation in this Circuit, including $750 per hour for partners (*see Heid Music Co., Inc.*, No. 23-CV-1215-JPS-JPS, 2024 U.S. Dist. LEXIS 97850, at 3-4), $350 per hour for associates (*see Walden v. EYM Grp. Inc.,* No. 2:21-cv-01116-PP, ECF No. 31 (E.D. Wis. Jan. 9, 2023)); and $175 per hour for Paralegals (*see McCabe v. Tire Web, LLC*, No. 23-cv-459-pp, 2024 U.S. Dist. LEXIS 232781, 7-8 (E.D. Wis. Dec. 26, 2024); *Heid Music Co., Inc.*, No. 23-CV-1215-JPS-JPS, 2024 U.S. Dist. LEXIS 97850, at 2-3; *McCabe v. Markwins Beauty Products*, No. 24-cv-1004-bhl, 2026 U.S. Dist. LEXIS 72496 at *2–3 (E.D. Wis. Apr. 2, 2026).

    **i. Plaintiff's Request is Reasonable.**

The ADA's fee-shifting provision serves an important public-enforcement function. Because Title III generally provides injunctive relief rather than compensatory damages, reasonable fee awards are necessary to ensure that individuals with disabilities can obtain counsel to vindicate their rights. Without fee recovery, many meritorious ADA claims would be economically impracticable to pursue. The Seventh Circuit applies the lodestar method in civil-rights fee cases, looking to the prevailing market rate for attorneys of comparable skill and experience. *People Who Care*, 90 F.3d 1307, at 1310–11; *Pickett,* 664 F.3d 632, at 639–40. Courts in this District have likewise recognized reasonable fee awards in ADA litigation based on counsel's experience, market-rate evidence, and the work reasonably required. *Baier v. Rohr-Mont Motors, Inc.*, 175 F. Supp. 3d 1000, 1020-1021 (N.D. Ill. 2016).

Here, Plaintiff's counsel devoted time to vindicating Plaintiff's rights that otherwise could have been spent on other matters. Counsel undertook this case without payment during the litigation and with no guarantee of recovery. The requested fees therefore reflect the time reasonably necessary to obtain relief for Plaintiff and to enforce the ADA's mandate of equal access. ADA Title III litigation is a specialized civil-rights practice, and counsel who undertake these cases often do so in matters where the client's primary relief is injunctive and counsel's compensation depends on a later fee award. That reality supports awarding a reasonable market rate for the work performed.

Further, Plaintiff's requested hourly rates are reasonable because they reflect counsel's market rates for comparable work. Plaintiff's legal team from Equal Access Law Group PLLC consists of Lead Associate, Alison Chan ("Chan") ($500.00 per hour), and a Paralegal ($300.00 per hour). Chan has substantial litigation experience in federal court in Illinois, specifically the U.S. District Court, Northern District of Illinois, in this specialized area of law. She has served as

lead counsel in federal ADA matters involving places of public accommodation and currently focuses her practice on ADA Title III accessibility litigation, including website-accessibility claims. *See* Declaration of Alison Chan, Esq., attached as Exhibit A.

Moreover, very few firms regularly litigate ADA Title III claims, particularly in the area of website accessibility for blind and visually impaired individuals. Effective representation in these cases requires more than general litigation experience; it also requires familiarity with ADA Title III, accessibility standards, federal civil procedure, injunctive-relief practice, and the technical issues commonly presented in website-accessibility litigation. Plaintiff's counsel's requested rate is therefore reasonable in light of the specialized nature of the work and the very limited pool of attorneys who handle these claims, particularly on behalf of Plaintiffs.

Likewise, Chan regularly handles ADA matters on behalf of individuals with disabilities and has represented Plaintiff in related accessibility cases over the past few years. In ADA cases, where relief is primarily injunctive, fee awards are not measured against damages but rather the work required to enforce compliance with federal law. Counsel's familiarity with Plaintiff, the claims, and the recurring legal issues has allowed this case to proceed efficiently and without unnecessary duplication of work.

Chan's billing records document the time and effort reasonably required to obtain resolution of this matter. That time includes work performed in preparing and filing the Motion for Default Judgment, preparing this fee petition, and preparing for or appearing at any related fee proceedings. Such time is compensable to the extent reasonably incurred as part of Plaintiff's fee recovery. As set forth in the Declaration of Alison Chan, Esq., and the attached summary of time records, Plaintiff's counsel and paralegal spent a combined total of 26.60 hours working on this case. Plaintiff seeks $12,220.00 in attorneys' fees, representing 21.20 hours of attorney time at a

reasonable hourly rate of $500.00, and 5.40 hours of paralegal time at a reasonable hourly rate of $300.00.

For these reasons, Plaintiff respectfully requests an award of $12,220.00 in attorneys' fees, representing 21.20 hours of attorney time at a reasonable hourly rate of $500.00, and 5.40 hours of paralegal time at a reasonable hourly rate of $300.00. This amount reflects the work reasonably necessary to litigate this matter through the preparation of the present Motion and should be awarded. No time entries reflect duplicative work, and tasks were appropriately delegated between attorney and paralegal to minimize costs.

Additionally, the entered billing records do not take into account for any attorney time and costs that will be spent on post-judgment efforts such as continuation of monitoring Defendant's website for compliance.

Accordingly, the fees requested are reasonable. Counsels' hourly rates are within the range approved for comparable civil-rights and ADA litigation in this District, reflects counsels' experience and familiarity with this area of law, and is appropriate given the nature, duration, and work required in this case.

### b. OTHER COSTS

Plaintiff is also entitled to recover the costs and litigation expenses reasonably incurred in prosecuting this action. The ADA expressly authorizes a prevailing party to recover "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. In addition, Rule 54(d) creates a presumption in favor of awarding taxable costs to the prevailing party, and 28 U.S.C. § 1920 permits recovery of categories of costs including filing fees, service-related costs, witness fees, printing, copying, and docket fees. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920;

*Morjal v. City of Chicago*, 774 F.3d 419, 422–423 (7th Cir. 2014); *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) (citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985)).

An award of attorneys' fees is consistent with the remedial purpose of the ADA. Because Title III plaintiffs generally cannot recover compensatory damages, fee-shifting is necessary to ensure that individuals subjected to disability-based discrimination are able to obtain counsel and vindicate their rights. Without the availability of reasonable attorneys' fees, many meritorious ADA claims would be economically impracticable to litigate, particularly where the relief sought is primarily injunctive. Plaintiff's counsel has litigated this action since September 2025 without compensation, and the time expended is documented in counsel's billing records submitted herewith. Plaintiff's counsel undertook this matter on a contingent basis and has advanced the costs necessary to litigate the action.

Here, Plaintiff incurred $580.40 in taxable costs, including but not limited to the filing fee, service-of-process expenses, and mailing and postages charges, which are recoverable under Rule 54(d), § 1920, and the ADA. Plaintiff also seeks $1,500.00 in non-taxable litigation expenses for solely expert-related accessibility services and reports necessary to evaluate Defendant's website, substantiate the accessibility barriers alleged in the Complaint, prepare preliminary findings, and assist counsel in understanding the specific deficiencies at issue before suit was filed. Because counsel has litigated this matter without payment and with no guarantee of recovery, the requested hourly rate is reasonable and should be evaluated in light of the delay, risk, and uncertainty inherent in contingent civil-rights litigation. Although expert-related expenses are not always recoverable as ordinary taxable costs under § 1920, the ADA's broader fee-shifting language permits recovery of reasonable litigation expenses incurred to advance an ADA claim. *See* 42 U.S.C. § 12205.

Accordingly, Plaintiff respectfully requests an award of $580.40 taxable costs and $1,500.00 in non-taxable litigation expenses, for a total costs and expense award of $2,080.40, in addition to Plaintiff's requested attorneys' fees. These amounts are supported by the invoices and records submitted with this Motion and are reasonable in light of the work required to investigate, document, and litigate Plaintiff's ADA website-accessibility claim.

## IV. CONCLUSION

For the reasons set forth above, and in addition to the injunctive relief awarded in the Court's Default Judgment, Plaintiff respectfully requests an award of attorneys' fees, costs, and litigation expenses. Plaintiff respectfully seeks $12,220.00 in attorneys' fees, representing 21.20 hours of attorney time based on counsel's reasonable hourly rate of $500.00, and 5.40 hours of paralegal time based on a reasonable hourly rate of $300.00, all of which was reasonably expended in litigating this matter. Plaintiff also seeks fees for $580.40 taxable costs, plus $1,500.00 in non- taxable litigation expenses. Accordingly, Plaintiff respectfully requests a total award of $14,300.40, together with such other and further relief as the Court deems just and proper.

Dated:May 5,2026

Respectfully Submitted,
EQUAL ACCESS LAW GROUP, PLLC
/s/ Alison Chan
Alison Chan, Esq.

## CERTIFICATE OF SERVICE

 I hereby certify that on May 5, 2026, I electronically filedthe foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/AlisonChan_____
Alison Chan, Esq.
4903 Avenue N
Brooklyn, NY 11234
Phone: (929) 442-2154
Email: Achan@Ealg.law
*Attorneys for Plaintiff*